UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOWELL Q. GREEN, TDCJ #00518622 § | |
| § | |
| Plaintiff, § | |
| § | SA-23-CV-905-FB |
| v. § | |
| § | |
| JUDGE MATT JOHNSON, ET AL., § | |
| § | |
| Defendants. § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Lowell Q. Green's ("Green") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court presumes that because Green did not pay the filing fee he seeks leave to proceed *in forma pauperis* ("IFP"). Upon review, the Court orders Green's presumed IFP application **DENIED** and his Complaint **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes rule of 28 U.S.C. § 1915(g). (*Id.*); *see* 28 U.S.C. § 1915(g). The Court further orders that to the extent Green has sought relief pursuant to 28 U.S.C. § 2254, his application for writ of habeas corpus is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application. (ECF No. 1); *see* 28 U.S.C. § 2254(b)(3).

## BACKGROUND

In 2013, Green was convicted in McLennan County of three counts of aggravated robbery. He was sentenced to life in prison and is currently being housed at the Connally Unit in Kenedy, Texas.

**ANALYSIS**

A. *Claims Pursuant to § 1983*

1. <u>Applicable Law</u>

Under the Prison Litigation Reform Act ("PLRA"), a prisoner cannot bring a new civil action or appeal a judgment in a civil action IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The sole exception arises when the prisoner demonstrates he or she is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, "the 'threat or prison condition [must be] real and proximate.'" *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Because § 1915(g) requires a showing of "imminent" danger, allegations of past harm do not suffice; the harm alleged must be about to occur or occurring at the time the complaint is filed. *Id.* Further, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner*, 2014 WL 2940580, at *1 (citing *Valdez*, 2008 WL 4710808, at *1).

A prisoner who is not proceeding IFP may file a new civil action or appeal even if that prisoner has three or more dismissals described in Section 1915(g). Regardless of whether a

prisoner proceeds IFP in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three–strikes dismissal rule.

   2. *Application*

While incarcerated, Green has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Green v. United States of America, et al.*, No. 4:18-CV-01927 (S.D. Tex. Sept. 18, 2019) (dismissed as frivolous); *Green v. Pitman, et al.*, No. 4:18-CV-03975 (S.D. Tex. Oct. 24, 2018) (same); *Green v. Davis, et al.*, No. 6:16-CV-01261-JCB-KNM (E.D. Tex. Aug. 27, 2018) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1), which authorizes dismissal when action is frivolous, malicious, or fails to state claim upon which relief may be granted); *Green v. Cooper, et al.*, No. 6:16-CV-01260-RC-KNM (W.D. Tex. Aug. 14, 2018) (dismissed for failure to state claim upon which relief may be granted); *Green v. State of Tex. Gov't, et al.*, No. 17-50165 (5th Cir. Nov. 27, 2017) (appeal dismissed as frivolous); *Green v. State of Tex., et al.*, No. 6:17-CV-092-ADA (W.D. Tex. May 18, 2017) (dismissed as frivolous); *Green v. State of Tex. Gov't, et al.*, No. 6:16-CV-424-ADA (W.D. Tex. Feb. 13, 2017) (same); *Green v. Davis, et al.*, No. 6:17-CV-419-ADA (W.D. Tex. Feb. 13, 2017) (same); *Green v. Sapin, et al.*, No. 7:16-CV-00014-O (N.D. Tex. Feb. 24, 2016) (same); *Green v. Stephens*, No. 4:15-CV-3257 (S.D. Tex. Nov. 5, 2015) (dismissed for failure to state claim upon which relief may be granted). Therefore, under the three–strikes rule, Green may not file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In this case, Green has failed to carry his burden.

In his most recent Section 1983 Complaint, Green purports to sue Judge Matt Johnson, "et al.", alleging he has been wrongfully convicted and falsely imprisoned. (ECF No. 1). Green also names as Defendants various other judges who have dismissed his numerous Section 1983 cases pursuant to the three strikes rule. (*Id.* at 2). Green's claims do not allege specific facts indicating he is in imminent danger of serious physical injury. *See Miller*, 2016 WL 3267346, at *2. Because Green has failed to show a real and proximate threat or allege specific facts demonstrating he is in imminent danger of serious physical injury, the Court finds Green has failed to meet the requirements necessary to avoid application of the three–strikes rule. *See* 28 U.S.C. § 1915(g).

### B. *Claims Pursuant to § 2254*

#### 1. *Applicable Law*

Section 2244(b) of Title 28 of the United States Code provides that before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). If the applicant fails to seek an order authorizing the district court to consider his habeas application, the application is subject to dismissal for want of jurisdiction. *See In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (holding that petitioner must receive authorization before filing successive § 2254 habeas application).

#### 2. *Application*

After reviewing Green's pleading, it is unclear whether he is seeking habeas relief pursuant to § 2254. (ECF No. 1 at 2). Green's first habeas application was denied in 2016. *See Green v. Davis*, No. 6:15-CV-00285-ADA (W.D. Tex. Mar. 30, 2016). His second application was transferred to the Fifth Circuit as successive, and the Fifth Circuit denied authorization to file a successive application on March 23, 2018. *See Green v. Davis*, No. 6:17-CV-295-RP (W.D. Tex.

Mar. 23, 2018). Thus, pursuant to § 2244(b), the Court finds that to the extent Green is seeking to file a successive application for writ of habeas corpus, his application must be dismissed for lack of jurisdiction because he has not obtained prior approval to file a successive habeas corpus application. *In re Campbell*, 750 F.3d at 529.

### CONCLUSION

Because Green has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, his § 1983 Complaint is subject to dismissal. Additionally, to the extent Green seeks relief pursuant to § 2254, his application is subject to dismissal for want of jurisdiction because he failed to obtain the mandatory approval before filing.

**IT IS THEREFORE ORDERED** that Green's presumed request to proceed IFP is **DENIED** and his 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g).

Green is advised his Complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within thirty (30) days of the date of this Order of Dismissal.

**IT IS FURTHER ORDERED** that to the extent Green seeks relief pursuant to 28 U.S.C. § 2254, his application (ECF No. 1) is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application.

SIGNED this 24th day of July, 2023.

_____
FRED   BIERY
UNITED STATES DISTRICT JUDGE